# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES KIRBY NELMS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00126 |
| v. | ) | **MEMORANDUM OPINION** |
| KELLIE HAMILTON, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff James Kirby Nelms, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Kellie Hamilton, the Health Services Administrator at the Southwest Virginia Regional Jail in Duffield, Virginia. Having reviewed the complaint, the court concludes that Nelms has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

## I.

Nelms alleges that an inmate at the Duffield facility, where Nelms was previously incarcerated, tested positive for COVID-19 on October 22, 2020. (Compl. ¶ E [ECF No. 1].) In response, the medical department offered tests to Nelms and 60 other inmates, and directed officers to check inmates' temperatures for two weeks. (*Id.*) If an inmate "wasn't wanting to do it or sick," however, the officers "just wrote down a number." (*Id.*) Nelms alleges that he "feared for [his] life" during that time. (*Id.*)

## II.

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also allege facts demonstrating personal involvement on the part of a defendant. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Liability under § 1983 "will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Id.* (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

In this case, the complaint lists Kellie Hamilton as the sole defendant. Aside from the case caption, however, the complaint does not mention Hamilton and therefore does not provide any indication as to what Hamilton allegedly did to violate Nelms's constitutional rights. The mere fact that Hamilton serves as the Health Services Administrator at the Duffield facility does not provide a basis for liability under § 1983. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("The doctrine of *respondeat superior* has no application under this section.") (internal quotation marks and citation omitted); *see also Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the elements necessary to establish supervisory liability under § 1983). Thus, Nelms fails to state a claim against the only named defendant.

Additionally, the facts alleged in the complaint do not state a violation of Nelms's constitutional rights.* "The Eighth Amendment, which prohibits infliction of 'cruel and unusual punishments,' U.S. Const. amend. VIII, applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019), *as amended* (May 6, 2019). To state a "conditions of confinement claim," a plaintiff must allege facts sufficient to demonstrate (1) that "the deprivation alleged [was], objectively, sufficiently serious," and (2) that "prison officials acted with deliberate indifference." *Id.* at 355, 361 (internal quotation marks and citations omitted). To satisfy the

---

* Court records available online indicate that Nelms was a convicted prisoner at the time of the events at issue. *See, e.g.*, *Commonwealth v. Nelms*, CR190F0238-01, CR190F0238-02, CR190F0238-03, CR190F0238-04, and CR190F0238-05, available at https://eapps.courts.state.va.us/ocis/search (last visited June 30, 2021).

first requirement, a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the [plaintiff's] exposure to the challenged conditions." *De'Lonte v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted). To satisfy the second requirement, a plaintiff must allege facts sufficient to demonstrate that a correctional official actually knew of and disregarded an objectively serious condition, medical need, or risk of harm. *Id.* This is an "exacting standard," which is not met by "mere negligence." *Jackson v. Lightsey*, 774 F.3d 170, 178 (4th Cir. 2014).

The facts alleged in Nelms's complaint do not rise to the level of an Eighth Amendment violation. While Nelms may believe that officers at the Duffield facility failed to take adequate precautions to prevent the spread of COVID-19, he does not allege that he contracted the virus while he was incarcerated there or that he otherwise suffered serious harm as a result of the officers' actions or omissions. Similarly, Nelms does not allege that he was particularly vulnerable to severe complications from the virus or provide any facts from which the court could reasonably infer that he faced a substantial risk of serious harm. Nelms also does not allege that any particular officer actually knew of and disregarded a serious risk to his health or safety. Accordingly, Nelms does not state a plausible claim for relief under § 1983.

**IV.**

For the reasons stated, the court will dismiss Nelms's complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 6th day of July, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE